## INDUSTRIAL COMM et v WATTERSON

Ohio Appeals, 1st Dist, Hamilton Co

No 4885.   Decided Nov 25, 1935

Clarence M. Smith, Cincinnati, for Wm. Weierich.

John W. Bricker, Columbus, R. R. Zurmehly, Columbus, and Stewart S. Cooper, Cincinnati, for plaintiffs in error.

Joseph Schwartz, Cincinnati, and B. Wm. Heidkamp, Cincinnati, for defendant in error.

* * *

\* \* \*

## OPINION

### By ROSS, PJ.

There can be no doubt that Roll and Hasselback were permitted by Weierich to operate a separate independent business of their own upon the premises rented by Weierich, for the major purpose of selling gasolines and oils. There can be no question that the plaintiff was employed and paid by Roll and Hasselback. The evidence is conclusive also that all three men, Roll, Hasselback and the plaintiff were engaged in and about the business of Weierich, who employed the first two men directly for this purpose. It is also apparent that the tire and battery business was almost a necessity to the proper conduct of the filling station and that without it the station's business would have suffered materially.

The question thus presented is—for the purposes of industrial compensation—did the men serve two masters? Was the plaintiff and employe of Weierich as well as of Roll and Hasselback? Did the allowance of the $5.00 deduction in accounting to Weierich make him such? Certainly in view of the evidence presented there can be no doubt that the plaintiff could have successfully claimed compensation as an employe of Roll and Hasselback. It is our conclusion that this is the limit of his employment. The fact that they directed the plaintiff to busy himself about the affairs of their employer did not make him the employe of Weierich. An independent contractual relation intervened between Weierich and the plaintiff. This constitutes a bar to any claim by the plaintiff based upon the relationship of employer and employe between Weierich and the plaintiff.

From what has been said, it is obvious that §1465-61, GC, cannot control the situation, as it has no application to the relationship existing between the defendant in error and Weierich.

The judgment is reversed and judgment will be here entered for the plaintiffs in error.

MATTHEWS and HAMILTON, JJ, concur.